**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

JEREMIAH CHILDERS,
ADC # 551367 PLAINTIFF

v. 4:24CV00264-BSM-JTK

DOES, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

## I. Introduction

Jeremiah Childers ("Plaintiff") is in custody at the Cummins Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 4, 9). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 9). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.)

Plaintiff has filed his superseding Amended Complaint. The Court will now continue screening Plaintiff's claims.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Discussion

### A. Plaintiff's Amended Complaint

Plaintiff's 13-page Amended Complaint contains an 8-page-long list of Defendants. (Doc. No. 10 at 1-8). Plaintiff sued Defendants in their official capacities only. (Id. at 2). Plaintiff's statement of claim reads in its entirety:

(1) Defendant Magness makes the policies that do not get followed and Magness is in concert with the tax fraud that affected me financially and mentally and physically.

(2) Defendant Felts Chief Director works in concert with all the other Defendants and fraudulently filed my taxes that was mine to file this affected me financially.
(3) Defendant Jiales works in concert with other Defendants to fraudulently file my taxes that was mine to file this affected me financially.
(4) Defendant Walace works in concert with other the Defendants to fraudulently file my taxes that was mine to file this affects me financially.
(5) Defendant Payne works in concert with other the Defendants filing my taxes fraudulently.
(6) Defendant Rowland works in concert to file my taxes fraudulently affecting me financially.
(7) Defendant Straughn works in concert to file my taxes fraudulently this affects me financially.
(8) Defendant Reed works in concert to file my taxes fraudulently this affects me financially.
(9) Defendant Doe does all the record falsifying to file my taxes this affects me financially.
(10) Defendant Burns works in concert with the other Defendants filing my taxes fraudulently this affects me financially.
(11) Defendant Doe works in concert to file my taxes fraudulently this affects me financially.
(12) Defendant Lay works in concert with the other Defendants to file my taxes fraudulently this affects me financially.
(13) Defendant Lay works in concert with the other Defendants to file my taxes fraudulently this affects me financially.
(14) Defendant Blake works in concert with the other Defendants to file my taxes fraudulently this affects me financially. Defendant also convicts me if I don't go to work.
(15) Defendant Waddle works in concert to file my taxes fraudulently this affects me financially. Defendant also convicts me if I don't go to work.
(16) Defendant Minor works in concert to file my taxes fraudulently this affects me financially. Defendant also convicts me if I don't go to work.
(17) Defendant Banister works in concert with the other Defendants to file my taxes fraudulently this affects me financially. Defendant also convicts me if I don't go to work.
(18) Defendant Allen cooks the book/records at the Cummins Unit and works in concert with the other Defendants to file my taxes fraudulently this affects me financially.
(19) Defendant Cheshier failed to treat mental health issues and this a failure to protect affects me mentally.
(20) Defendant Doe is President of Wellpath that provides medical services only their bad policies and greed has caused pain and suffering.
(21) Defendant Musselwhite failed to protect me from being a victim of the Arkansas Division of Correction as the "Defendants" continue to file my taxes fraudulently affecting me financially.
(22) Defendant Pierce failed to protect me from being a victim of the Arkansas Division of Correction as the Defendants continue to file my taxes fraudulently affecting me financially. The Defendants all have filed to protect me and robbed me for an unknown amount of money.

(Id. at 10-12).

Plaintiff seeks damages along with "a full pardon with all rights back," including his driver's license and social security card. (Id. at 13).

**B. Analysis**

Plaintiff alleges Defendants acted in concert to fraudulently file his taxes, which harmed Plaintiff financially. The Court interprets Plaintiff's allegations that Defendants acted in concert as a conspiracy claim. A conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." Burton v. St. Louis Bd. of Police Com'rs, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted). A claim of conspiracy must be supported by factual allegations sufficient to suggest that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding" and "meeting of the minds." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (internal citation omitted).

Plaintiff did not make allegations sufficient to establish any mutual understanding or meeting of the minds. As such, any conspiracy claims fail.

Plaintiff sued Defendants in their official capacities only. Plaintiff's § 1983 claims against the Defendants in their official capacities are the equivalent of claims against the State of Arkansas. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars Plaintiff's damages claims, but it does not bar claims for prospective injunctive relief. McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (internal citation omitted). As to equitable relief, Plaintiff asks for a "full pardon with all rights back." (Doc. No. 10 at 13). The Court cannot provide that relief in this civil rights action. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 474, 484, 499 (1973).

Further, to state an official capacity claim, Plaintiff would have had to allege that a Defendant acted pursuant to an unlawful ADC policy or practice. Hood v. Norris, 189 F. App'x

580 (8th Cir. 2006) ("to establish liability in official-capacity suit under § 1983, plaintiff must show, inter alia, that official named in suit took action pursuant to unconstitutional governmental policy or custom") (internal citation omitted). See also Jackson v. Buckman, 756 F.3d 1060, 1067, n.3 (8th Cir. 2014) ("Absent an underlying constitutional violation, . . . official-capacity . . . claims . . . necessarily fail.") But Plaintiff's claims against Defendants are conclusory. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

The Court notes that Plaintiff alleged Defendants Cheshier and Doe, President of Wellpath, failed to treat Plaintiff's mental health issues. The "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009). Again, Plaintiff's allegations are only conclusory. Plaintiff did not describe his mental health needs or demonstrate that Defendants Cheshier and Doe had knowledge of those needs but ignored them.

Plaintiff alleges some Defendants convicted him if he did not go to work. These allegations, without more, do not rise to the level of a constitutional violation.

The Court notes that even if Plaintiff had sued Defendants in their personal capacities, Plaintiff's personal capacity claims would fail. Plaintiff provided only conclusory allegations against each Defendant.

Plaintiff's Amended Complaint fails to state a claim on which relief may be granted. Because Plaintiff failed to state a claim on which relief may be granted, his Complaint, as amended, should be dismissed without prejudice.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 30th day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."